PHILLIP A. TALBERT
United States Attorney
ANTONIO J. PATACA
JUSTIN GILIO
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>ADAM SAHAGUN,<br><br>                Defendant. | CASE NO. 1:24-CR-00055-JLT-SKO<br><br>STIPULATION AND ORDER TO VACATE STATUS CONFERENCE AND SET CHANGE OF PLEA HEARING |

**STIPULATION**

1. By previous order, this matter was set for status on January 15, 2025.

2. By this stipulation, defendant now moves to vacate the status conference as to him only and set a change of plea hearing on November 4, 2024, and to exclude time between August 19, 2024, and November 4, 2024, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The discovery associated with this case is voluminous and includes tens of thousands of pages, including investigative reports, photographs and videos, as well as hundreds of hours of recorded telephone conversations pursuant to wiretap orders, cellular phone extractions, and large amounts of cellular telephone precise location data and vehicle tracker data. All this discovery has been either produced directly to counsel, and/or made available for

inspection and copying.

      b)      Counsel for defendant to prepare for the change of plea and gather evidence in mitigation for sentencing.

      c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      d)      The government does not object to the continuance.

      e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of August 19, 2024 to November 4, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(i), B(ii), and B(iv) because the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for the change of plea and sentencing. This stipulation also results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

| | |
|---|---|
| Dated:  August 19, 2024 | PHILLIP A. TALBERT<br>United States Attorney |
| | /s/ ANTONIO J. PATACA<br>ANTONIO J. PATACA<br>Assistant United States Attorney |
| Dated:  April 10, 2024 | /s/ ERNEST S. KINNEY<br>ERNEST S. KINNEY<br>Counsel for Defendant<br>ADAM SAHAGUN |

**ORDER**

IT IS SO ORDERED.

DATED: 8/21/2024

*Sheila K. Oberto*

Honorable Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE